Louis A. Curcio
Alissa K. Piccione
Joseph M. DeFazio
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
louis.curcio@troutman.com
alissa.piccione@troutman.com
joseph.defazio@troutman.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE11 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, acting by and through its special servicer CWCapital Asset Management LLC, | |
| Plaintiff, | Civil Case No. _____ |
| -against- | **VERIFIED COMPLAINT** |
| 380 LAFAYETTE RETAIL OWNER LLC, ABY ROSEN, MICHAEL FUCHS, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, and "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to the Plaintiff, the persons or parties, if any, having or claiming an interest in or lien upon the premises, described in the Complaint, | Block: 531        Lot: 1301 380 Lafayette Street New York County, New York |
| Defendants. | |

        The Plaintiff, U.S. Bank National Association, as Trustee, for the benefit of the Holders of

COMM 2013-CCRE11 Mortgage Trust Commercial Mortgage Pass-Through Certificates (the

"Plaintiff"), acting by and through CWCapital Asset Management LLC as special servicer (the

"Special Servicer"), and by its attorneys Troutman Pepper Hamilton Sanders LLP, as and for its

Complaint against the Defendants, alleges as follows:

PARTIES

1.     The Plaintiff is a national banking association organized under the laws of the United States of America with its designated main office at 425 Walnut Street, Cincinnati, Ohio 45202. The Special Servicer is the special servicer of the subject Loan (defined below) with a main address of 900 19th Street, NW 8th Floor, Washington, DC 20006.

2.     Upon information and belief, Defendant 380 Lafayette Retail Owner LLC (the "Borrower") is a limited liability corporation organized under the laws of the State of Delaware with a principal place of business care of RFR Holding LLC, 375 Park Avenue, 10th Floor, New York, NY 10152.

3.     Upon information and belief, (i) 380 Lafayette Retail Member LLC ("Retail Member") is the sole member of the Borrower, (ii) R&F 380 Lafayette LLC ("Parent Entity") is the sole member of Retail Member, and (iii) Aby Rosen, Michael Fuchs, and Joshua Pickard are the members of Parent Entity. Upon information and belief, Aby Rosen, Michael Fuchs, and Joshua Pickard are citizens of New York State.

4.     Upon information and belief, Defendants Aby Rosen and Michael Fuchs (collectively, the "Guarantors") are natural persons with a place of business care of RFR Holding LLC, 375 Park Avenue, 10th Floor, New York, NY 10152.  Aby Rosen is named as a defendant in this action because he has executed a guaranty agreement described in greater detail below. Michael Fuchs is named as a defendant in this action because he has executed a guaranty agreement described in greater detail below. Upon information and belief, the Guarantors are citizens of New York State.

5.     Upon information and belief, Defendant New York City Environmental Control Board ("NYECB") is an administrative tribunal of the City of New York. NYECB is named in this

2

action because, upon information and belief, it holds a judgment lien against the Property (defined below). NYECB is a citizen of New York because it was created and exists under the laws of the City of New York.

6.      Upon information and belief, Defendants "John Doe #1" through "John Doe #12" constitute persons or entities who may have or claim a lien or other interest in the Property.  Said Defendants are made party defendants for the purpose of terminating their interests in the Property.

7.      Each of the above-named Defendants has, or claims to have, or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien created by the Consolidated Mortgage (defined below).

8.      The real property that is the subject of this action  is located in New York County, New York, and consists of a retail condominium unit and all related fixtures and personal property, commonly known as The 380 Lafayette Condominium, 380 Lafayette Street, New York, New York (the "Property").   The Property is legally described in **Exhibit 1**, which is attached to this Complaint and incorporated herein by reference.

9.      Upon information and belief, as of the date of this Complaint, the Borrower is the owner of the Property.

### JURISDICTION AND VENUE

10.      This action arises between citizens of different states, *see supra* ¶¶ 1–5, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, *see infra* ¶ 46. Therefore, this Court has diversity jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1332(a).

113054141v4

11.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Property is located in this District, *see supra* ¶ 8, and a substantial part of the events and omissions giving rise to this action occurred in this District, *see infra* ¶¶ 12–40.[1]

**FACTS**

***Loan Origination***

12.     On or about September 13, 2013, the Borrower and Cantor Commercial Real Estate Lending, L.P. (the "Lender") executed numerous documents evidencing a loan (the "Loan") to the Borrower.

13.     The Loan was to consolidate existing loans and related mortgages and to be funded by the Lender on the closing date, which was, upon information and belief, on or about September 13, 2013.  The Loan was to mature on October 6, 2023 (or on such other date when the final payment of the principal amount of the Loan became due and payable).

14.     The original principal amount of the Loan was $15,000,000.00.

15.     On or about September 13, 2013, the Borrower executed an Amended, Restated and Consolidated Promissory Note (the "Consolidated Note") in favor of the Lender.  A copy of the Consolidated Note is attached to this Complaint as **Exhibit 2** and incorporated herein by reference.

16.     On or about September 13, 2013, the Borrower executed a Loan Agreement in consideration of the Loan (the "Loan Agreement"), a copy of which is attached to this Complaint as **Exhibit 3** and incorporated herein by reference.

---

[1] Moreover, pursuant to Section 17.2 of the Loan Agreement (defined below), any federal or state court designated by the Plaintiff in the City of New York, New York County, is an appropriate venue for an action relating to the Loan Agreement.

4

17.     On or about September 13, 2013, the Borrower executed an Amended, Restated and Consolidated Mortgage and Security Agreement securing the Loan (the "<u>Consolidated Mortgage</u>"), a copy of which is attached to this Complaint as **<u>Exhibit 4</u>** and incorporated herein by reference.

18.     Pursuant to the Consolidated Mortgage, the Borrower and the Lender agreed to consolidate all existing mortgages on the Property so that they constitute a single, first lien on the Property securing payment of the Consolidated Note.

19.     On or about September 13, 2013, the Borrower executed an Assignment of Leases and Rents to further secure the payment of the Consolidated Note.

20.     On or about September 13, 2013, the Guarantors executed a Limited Recourse Guaranty (the "<u>Guaranty</u>") to personally and unconditionally guarantee payment of certain of the Borrower's obligations under the Loan Documents (defined below) on the terms and conditions described in the Guaranty. A copy of the Guaranty is attached to this Complaint as **<u>Exhibit 5</u>** and incorporated herein by reference.

21.     On or about September 13, 2013, the Borrower and the Guarantors executed an Environmental Indemnity Agreement (the "<u>Environmental Indemnity</u>"; together with the Loan Agreement, Consolidated Note, Consolidated Mortgage, Assignment of Leases and Rents, Guaranty, and all other documents executed in connection with the Loan, the "<u>Loan Documents</u>") in order to indemnify the Lender from any liabilities, costs, and losses related to certain environmental conditions on the Property on the terms and conditions described therein.  A copy of the Environmental Indemnity is attached to this Complaint as **<u>Exhibit 6</u>** and incorporated herein by reference.

22.     The Loan Documents were delivered to the Lender at the closing of the Loan.

113054141v4

23.     On or about September 26, 2013, the Consolidated Mortgage was recorded in the Office of the City Register of the City of New York under CRFN: 2013000400269.  A copy of the recorded Consolidated Mortgage is attached to this Complaint as **Exhibit 7** and incorporated herein by reference.

24.     Upon information and belief, any applicable recording tax was paid at the time of the recording of the Consolidated Mortgage or at the time of recording of the mortgages consolidated into the Consolidated Mortgage.

25.     On or about September 26, 2013, the Assignment of Leases and Rents was recorded in the Office of the City Register of the City of New York under CRFN: 2013000400270.  A copy of the recorded Assignment of Leases and Rents is attached to this Complaint as **Exhibit 8** and incorporated herein by reference.

26.     Pursuant to the Consolidated Mortgage, the Borrower granted the Lender a security interest in, among other things, the fixtures, equipment, personal property, leases, rents, accounts, and agreements associated with the Property.

27.     Financing statements (the "UCC Statements") relating to the items pledged as collateral in the Consolidated Mortgage were recorded in: (i) the Uniform Commercial Code Filing Section of the Delaware Department of State under Filing Number: 20133774321 on or about September 27, 2013; and (ii) the Office of the City Register of the City of New York under CRFN: 2013000400271 on or about September 26, 2013. Copies of the recorded UCC Statements are attached to this Complaint as **Exhibit 9** and incorporated herein by reference.

28.     Upon information and belief, the Lender funded the Loan in full on or about September 13, 2013.

113054141v4

*Assignment of the Loan Documents to the Plaintiff*

29.     On or about October 15, 2013, the Lender assigned the Consolidated Mortgage to the Plaintiff by virtue of an Assignment of Mortgage (the "Mortgage Assignment"). On or about December 23, 2013, the Mortgage Assignment was recorded in the Office of the City Register of the City of New York under CRFN: 2013000523926. A copy of the recorded Mortgage Assignment is attached to this Complaint as **Exhibit 10** and incorporated herein by reference.

30.     Furthermore, on or about October 15, 2013, the Lender assigned the Assignment of Leases and Rents to the Plaintiff by virtue of execution of an Assignment of Assignment of Leases and Rents.  On or about December 23, 2013, the Assignment of Assignment of Leases and Rents was recorded in the Office of the City Register of the City of New York under CRFN: 2013000523927.  A copy of the recorded Assignment of Assignment of Leases and Rents is attached to this Complaint as **Exhibit 11** and incorporated herein by reference.

31.     Financing statement amendments reflecting the assignment of the Lender's security interests to the Plaintiff (together, the "UCC Assignments") were recorded in: (i) the Uniform Commercial Code Filing Section of the Delaware Department of State under Filing Number: 20134879772 on or about December 10, 2013; and (ii) the Office of the City Register of the City of New York under CRFN: 2013000523928 on or about December 23, 2013. The effectiveness of the UCC Statements was continued by financing statement amendments (the "UCC Continuations") recorded in: (i) the Uniform Commercial Code Filing Section of the Delaware Department of State under Filing Number: 20182471486 on or about April 11, 2018; and (ii) the Office of the City Register of the City of New York under CRFN: 2018000122133 on or about April 12, 2018. Copies of the recorded UCC Assignments and UCC Continuations are attached to this Complaint as **Exhibit 12** and **Exhibit 13**, respectively, and incorporated herein by reference.

113054141v4

*The Events of Default Under the Loan Documents*

32.    Pursuant to the Loan Documents, the Borrower is required to pay the indebtedness under the Consolidated Note in monthly installments, with the outstanding principal balance of the Loan and all accrued and unpaid interest and all other outstanding amounts due on the Maturity Date, as defined in the Loan Agreement.

33.    On April 6, 2020, a monthly payment (the "Monthly Payment") became due and owing, which consisted of (i) $82,125.88 in principal and interest, plus (ii) certain deposits for taxes and reserves required by Article 8 of the Loan Agreement.

34.    The Borrower failed to make the Monthly Payment when due and has failed to make any subsequent Monthly Payment that has become due since.

35.    By reason thereof, Events of Default (as defined in the Loan Agreement) have occurred and are continuing under the Loan Documents pursuant to Section 10.1(a) of the Loan Agreement.

36.    On June 26, 2020, the Special Servicer, on the Plaintiff's behalf, sent the Borrower a Notice of Default and Demand for Payment (the "Default Notice"). A copy of the Default Notice is attached to the Complaint as **Exhibit 14** and is incorporated herein by reference.

37.    The Borrower failed to comply with the demand to bring the Loan current and has not made any payments in respect of the Loan since the initial default.

*Event of Default Remedies*

38.    Pursuant to the express terms of the Loan Documents, upon the occurrence of an Event of Default, the Plaintiff is entitled to, among other things, foreclose on and apply for the appointment of a receiver for the Property.

39.    Pursuant to the terms of the Loan Documents, the interest rate on the Loan accrues at the Default Rate (as defined in the Loan Agreement), calculated from April 6, 2020, the date

113054141v4

when the first Monthly Payment that the Borrower failed to make was due. *See* Ex. 3, Loan Agmt. § 2.5(c).

40.     Because of the foregoing Events of Default and in accordance with the Loan Documents, the Special Servicer sent a notice dated September 18, 2020 (the "Revocation Notice") revoking the Borrower's license to collect rent. A copy of the Revocation Notice is attached to the Complaint as **Exhibit 15** and is incorporated herein by reference.

***Junior Interests in the Property***

41.     By this Complaint, the Plaintiff seeks to foreclose and cut off all known and unknown junior interests or claims in and to the Property, except the junior interests or claims of any tenants of the Property to the extent there are any.

42.     Upon information and belief, NYECB's lien should be foreclosed and expunged from the public records as it is junior to the Plaintiff's interests in the Property as set forth in the Consolidated Mortgage and Loan Documents and may be foreclosed as a result.

## FIRST CAUSE OF ACTION
(Foreclosure of Mortgage)

43.     The Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

44.     The Loan Documents constitute valid and binding agreements of the parties thereto.

45.     The Borrower breached the terms of the Loan Documents by, among other things, failing to make Monthly Payments when due.

46.     There is now due and owing to the Plaintiff under the Consolidated Mortgage and other Loan Documents the principal sum of $13,444,908.79, plus accrued interest at the Default Rate (as defined in the Loan Agreement), plus any applicable late charges, along with all other sums due and owing under the Loan Documents, plus the costs of collection including, without

9

limitation, reasonable attorneys' fees and expenses and other sums, all as more fully provided for in the Loan Documents, which sums are due and owing in addition to any usual costs and allowances that the Plaintiff may be entitled to and may be awarded under any law or statute applicable to this action.

47.     In order to protect its security, the Plaintiff may be compelled to pay during the pendency of this action additional taxes, water and sewage charges, assessments, insurance premiums, and other charges necessary or advisable to maintain or increase the value of, or otherwise affecting, the Property, and the Plaintiff requests that any sums so advanced and any other sums of like nature so paid during the pendency of this action be added to the amount otherwise due to the Plaintiff and be deemed secured by the Consolidated Mortgage and adjudged a valid lien on the Property pursuant to the terms of the Loan Documents.

48.     Upon information and belief, the interests, liens, or claims of the Defendants herein are all subordinate and subject to the Consolidated Mortgage held by the Plaintiff and being foreclosed herein, and no persons or entities other than those described herein have, may have, or claim to have any interest in and/or lien upon the Property superior to the lien of the Consolidated Mortgage being foreclosed.

49.     In the event that the Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior or senior mortgage, or otherwise, the Plaintiff requests that such other lien(s) shall not be merged in the Plaintiff's causes of action set forth in this Complaint, but that the Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

50.     The Plaintiff shall not be deemed to have waived, altered, or released any defaults or events of default mentioned herein, nor shall the Plaintiff be deemed to have changed the election hereinbefore made, by reason of any payment after the commencement of this action, and such election shall continue and remain effective.

51.     Upon information and belief, none of the Defendants are infants, absentees, or incompetents, nor have they been proceeded against as such.

52.     No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Consolidated Mortgage or for recovery of said sum secured by the Consolidated Note and Consolidated Mortgage or any part thereof.

53.     By virtue of the foregoing, the Plaintiff is entitled to a judgment of foreclosure under the Consolidated Mortgage.

**SECOND CAUSE OF ACTION**
(Entitlement to Rents)

54.     The Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

55.     The Assignment of Leases and Rents provides that the Borrower unconditionally and absolutely assigns to the Lender (and its successors and assigns) all of the Borrower's right, title, and interest in and to all leases or other agreements relating to the use or occupancy of the Property, including all rents and other fees. *See* Ex. 8, Assign. Leases & Rents § 2.1.

56.     In return, the Lender granted the Borrower a revocable license to collect and use rents.

57.     The Assignment of Leases and Rents further provides that, during an Event of Default, such license shall be revoked upon written notice from the Lender, at which point the

Lender is immediately entitled to receive and apply all rents to the amounts due under the Loan Documents. *See id.* § 3.1.

58.     When the Borrower failed to make the Monthly Payments when due, those were Events of Default, and the Plaintiff revoked the Borrower's license.

59.     Accordingly, the Plaintiff is entitled to collect all rents and fees associated with the Property.

<u>**THIRD CAUSE OF ACTION**</u>
(Foreclosure of Security Interest in Personalty)

60.     The Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

61.     The Loan Documents constitute valid and binding agreements of the parties thereto.

62.     The Borrower breached the terms of the Loan Documents by virtue of its failure to make the Monthly Payments when due.

63.     As set forth above, the Plaintiff maintains a perfected security interest in all the Borrower's personal property and fixtures.

64.     Therefore, the Plaintiff is entitled to foreclose on its security interest in all the Borrower's personal property and fixtures.

<u>**FOURTH CAUSE OF ACTION**</u>
(Appointment of a Receiver)

65.     The Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs of this Complaint as if fully set forth herein.

66.     Upon information and belief, the Property is the sole asset of the Borrower.

67.     Upon information and belief, the Property is in danger of waste and disposal.

68.     The Plaintiff is threatened with material losses and injuries for which it has no adequate remedy at law if the Borrower remains in control of the Property.

12

113054141v4

69.     The Plaintiff has a lien on the Property, which includes all real and personal property located at or associated with the Property.

70.     Under the Loan Documents, the Borrower expressly agreed that, if an Event of Default exists, the Plaintiff is entitled to seek the appointment of a receiver without notice. *See* Ex. 4, Consolidated Mortgage § 8.1(g).

71.     As stated above, Events of Default occurred when the Borrower failed to make the Monthly Payments when due and are continuing.

72.     Pursuant to the Assignment of Leases and Rents and upon delivery of the Revocation Notice, the Borrower's license to collect the rents from the Property terminated on account of the Events of Default.

73.     Pursuant to the Loan Documents and in accordance with Rule 66 of the Federal Rules of Civil Procedure, the Plaintiff is entitled to the appointment of a receiver to take immediate possession of and hold, subject to the discretion of this Court, the Property.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment against the Defendants as follows:

- Declaring that Events of Default exist under the Loan Documents arising out of the Borrower's breach of its contractual obligations to the Plaintiff;

- Ordering that the Defendants and all persons claiming by, through, or under them, and that every person whose right, title, conveyance, or encumbrance is recorded subsequent to the filing of the Notice of Pendency of this action, be barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the Property and each and every part and parcel thereof;

- Directing that the Property be sold according to law, subject to the following terms:

  o   Any state of facts that an inspection of the Property would disclose;

  o   Any state of facts that an accurate survey of the Property would show;

- o Covenants, restrictions, easements, and public utility agreements of record that have not been cancelled or otherwise survive foreclosure, if any;

- o Building and zoning ordinances of the municipality in which the Property is located and possible violations of the same;

- o Any rights of tenants or persons in possession of the Property;

- o Any equity of redemption of the United States of America to redeem the Property within 120 days from the date of sale;

- o Prior mortgage lien(s) of record, if any, and any advances and arrears thereunder; and Prior lien(s) of record, if any;

- Directing that the monies arising from the sale be brought into Court; and that the sale shall be consummated for whatever amount or amounts shall result in the highest aggregate purchase price; and that the Defendants shall surrender possession to the purchaser or purchasers, of all items of property sold at the foreclosure sale;

- Directing that the Plaintiff may be paid the amount due on the Loan with interest, late charges, and all other applicable costs and charges to the time of such payment and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowances, and disbursements of this action, and together with any sums incurred by the Plaintiff pursuant to any term or provision of the Loan Documents or paid by the Plaintiff to protect the Consolidated Mortgage lien, together with interest upon said sums from the dates of the respective payments and advances thereof;

- Directing that the purchaser or purchasers at said sale be let into possession on production or delivery of referee's or receiver's deed or deeds;

- Ordering that advertisement of the notice of sale be made pursuant to New York Real Property Actions and Proceedings Law § 231;

- Permitting the Plaintiff to foreclose its security interest in all the Borrower's personal property and fixtures;

- Directing any lessee or other person agreeing to make use or occupancy payments to the Borrower to make payments directly to the Plaintiff and permitting the Plaintiff to apply such amounts in accordance with the Assignment of Leases and Rents;

- Declaring that the Borrower has waived any objection to the appointment of a receiver;

- Appointing a receiver over the Property, pursuant to Rule 66 of the Federal Rules of Civil Procedure, for the purposes of preserving and protecting the value of the Property and to take immediate possession of the Property and all books, records, accounts, revenues, and other items incidental thereto, and to collect the rents, issues, benefits, and profits of the Property during the pendency of this action or to perform such other acts as the Court orders and deems appropriate;

- Ordering the Borrower to promptly render an accounting for all cash collateral and any other funds derived from the ownership or operation of the Property received by the Borrower, and in all respects to cooperate with the receiver to provide the Plaintiff and the receiver with all information and instrumentalities necessary for the receiver to perform its obligations as receiver;

- Ordering that the receiver be authorized to collect all rents and profits of the Property and be granted all the necessary and customary powers of a receiver, including, without limitation, the power to employ third party property managers, leasing and sale brokers, environmental consultants, counsel, and other necessary third parties, and to bring, defend and/or intervene in actions as may be necessary to discharge his duties as receiver, without further order of this Court;

- Ordering the receiver to pay to the Plaintiff on a monthly basis any revenue derived from the ownership or operation of the Property more than the amount reasonably required to manage, operate, lease, maintain, and preserve the Property;

- Ordering that the Plaintiff be permitted and authorized, at its sole election, to make such advances to the receiver, as may be necessary from time to time, in the exercise of the Plaintiff's sole discretion, and as provided under the Loan Documents, to pay costs and expenses reasonably required to manage, operate, lease, maintain, and preserve the Property to the extent that the gross revenue derived from the ownership or operation of the Property is insufficient to pay such costs and expenses, without the Plaintiff becoming a mortgagee-in-possession or incurring any other liability to the Defendants or third parties;

*[The remainder of this page is intentionally left blank.]*

15

- Ordering that any advances made by the Plaintiff shall be additional obligations owed by the Borrower to the Plaintiff, to be added to the Borrower's outstanding indebtedness under the Loan and secured by the Plaintiff's first-priority lien on and perfected security interest in the Property; and

- Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 4, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Louis A. Curcio*
    Louis A. Curcio
    Alissa K. Piccione
    Joseph M. DeFazio
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 704-6000
    Facsimile: (212) 704-6288
    louis.curcio@troutman.com
    alissa.piccione@troutman.com
    joseph.defazio@troutman.com

    *Attorneys for U.S. Bank National Association, as Trustee, for the benefit of the Holders of COMM 2013-CCRE11 Mortgage Trust Commercial Mortgage Pass-Through Certificates, acting by and through its special servicer CWCapital Asset Management LLC*

113054141v4

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Andrew Horowitz, declare and verify under penalty of perjury as follows:

1.  I am a Servicing Officer for CWCapital Asset Management LLC, the special servicer for the Loan on behalf of the Plaintiff, U.S. Bank National Association, as Trustee, for the benefit of the Holders of COMM 2013-CCRE11 Mortgage Trust Commercial Mortgage Pass-Through Certificates.

2.  I have read the foregoing Verified Complaint, and, upon information and belief, the allegations therein are true and correct.

3.  The grounds for my belief as to all matters are my review of correspondence and other writings relevant to this action that were available to me.

Executed on June 4, 2021

_____
Andrew Horowitz

113054141v4